■ In the Matter of NYASIA J. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant; FRANCESCA J., Respondent. In the Matter of NYSHAWN J. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SER-

VICES OF THE CITY OF NEW YORK, Appellant; FRANCESCA J., Respondent. [838 NYS2d 138]—

In two related child protective proceedings pursuant to Family Court Act article 10, the Commissioner of the Administration for Children's Services of the City of New York appeals from an order of the Family Court, Kings County (Hall, J.), dated May 15, 2006, which directed that the mother have two weekly unsupervised visits of two to three hours each with the subject children.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements.

Prior to the entry of a dispositional order in an underlying abuse and/or neglect proceeding, a respondent whose child is in the temporary custody of a social services official, shall "have the right to reasonable and regularly scheduled visitation" (Family Court Act § 1030 [a]) with the child and shall "be granted reasonable and regularly scheduled visitation unless the court finds that the child's life or health would be endangered thereby" (Family Ct Act § 1030 [c]).

Based on the record before us, we find that two weekly unsupervised visits of two to three hours each would pose a threat to the health, life, and safety of the subject children. Before making children available for unsupervised visits, a Family Court must find that "a person with a history of abuse or neglect of her children has successfully overcome her prior inclinations and behavior patterns, despite what may be the best of intentions" (*Matter of Kimberly H.*, 242 AD2d 35, 39 [1998]). This Court has held that "the safer course" in cases such as this is to allow only supervised visitation prior to consideration of the petition on the merits (*see Matter of Janih M.*, 8 AD3d 384, 385 [2004]: *Matter of Robert H.*, 307 AD2d 293, 294 [2003]). Accordingly, under the circumstances of this case, the Family Court improvidently exercised its discretion in directing that the mother have unsupervised visits with the children while this article 10 proceeding was still pending. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.