OPINION OF THE COURT
Joseph E. Fahey, J.
The respondent, Charles B., was civilly committed under Mental Hygiene Law article 10 on July 17, 2009. On April 19, 2010, upon the respondent’s annual right to examination and to petition the court for discharge pursuant to Mental Hygiene Law § 10.09, Mental Hygiene Legal Service, Appellate Division, Fourth Department, was assigned as counsel for the respondent.
The respondent has requested that Mental Hygiene Legal Service be relieved as his counsel and has requested that he be assigned a new attorney pursuant to the provisions of County Law article 18-b. In the alternative, the respondent has requested that he be permitted to represent himself in any proceedings under Mental Hygiene Law article 10.
Mental Hygiene Law § 10.06 (c) states:
“Promptly upon the filing of a sex offender civil management petition, or upon a request to the court by the attorney general for an order pursuant to subdivision (d) of this section that a respondent submit to an evaluation by a psychiatric examiner, whichever occurs earlier, the court shall appoint counsel in any case where the respondent is financially unable to obtain counsel. The court shall appoint the mental hygiene legal service if possible. In *771 the event that the court determines that the mental hygiene legal service cannot accept the appointment, the court shall appoint an attorney eligible for appointment pursuant to [County Law article 18-b], or an entity, if any, that has contracted for the delivery of legal representation services under subdivision (c) of section 10.15 of this article.”
Mental Hygiene Law § 47.01 (a) provides that
“[t]here shall be a mental hygiene legal service of the state in each judicial department. The service shall provide legal assistance to patients or residents of a facility as defined in section 1.03 of this chapter, or any other place or facility which is required to have an operating certificate pursuant to article sixteen or thirty-one of this chapter, and to persons alleged to be in need of care and treatment in such facilities or places, and to persons entitled to such legal assistance as provided by article ten of this chapter.”
Mental Hygiene Law § 10.08 (g) states that “[i]n preparing for or conducting any hearing or trial pursuant to the provisions of this article, and in preparing any petition under the provisions of this article, the respondent shall have the right to have counsel represent him or her.”
The Legislature established the Mental Hygiene Legal Service to provide specialized legal representation in an extremely complex area of the law. The Legislature directed that the Mental Hygiene Legal Service be assigned whenever possible to represent persons affected by Mental Hygiene Law article 10 because such affected persons benefit from the commitment and expertise possessed by the attorneys working for the Mental Hygiene Legal Service. An ancillary public benefit of the establishment of the Mental Hygiene Legal Service and its assignment to Mental Hygiene Law article 10 proceedings is the economic efficiency derived from this centralized method of indigent representation.
In this case, the Mental Hygiene Legal Service has disputed the respondent’s assertions that they have not acted in his best interests and have not provided him with effective assistance of counsel. The Mental Hygiene Legal Service has not requested to be relieved of its assignment to represent the respondent.
The court finds that there is no merit to the respondent’s claims that the Mental Hygiene Legal Service has failed to *772 provide him with competent legal representation. The record is devoid of any evidence that the Mental Hygiene Legal Service has failed to provide the respondent with effective assistance of counsel. The court also finds that there is no conflict of interest, as claimed by the respondent, for the Mental Hygiene Legal Service, Appellate Division, Fourth Department, to represent him on article 10 annual review proceedings after the Mental Hygiene Legal Service, Appellate Division, First Department, represented him on the initial article 10 civil commitment proceeding which he is appealing.
The court denies the respondent’s request to relieve the Mental Hygiene Legal Service of their assignment to represent the respondent and denies the respondent’s request to assign another attorney to represent him pursuant to the provisions of County Law article 18-b.
With respect to the respondent’s alternative request to represent himself in this matter, it is clear that a person charged with a crime has both a federal and state constitutional right to represent himself. (Faretta v California, 422 US 806 [1975]; People v McIntyre, 36 NY2d 10 [1974].)
It is worth noting, however, that even in a criminal proceeding, the right to self-representation is not unqualified. A defendant in a criminal case may invoke the right to defend pro se provided (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues. (People v McIntyre, supra.)
The right of a defendant to act as his own attorney is dependent upon a finding of mental capacity to stand trial. (People v Reason, 37 NY2d 351 [1975]; People v Robinson, 270 AD2d 860 [2000].)
While the respondent has not been found to lack the mental capacity to stand trial, the court is mindful of the fact that the respondent has been previously determined to have a “mental abnormality,” a relevant, though certainly not dispositive, consideration in the court’s analysis of the totality of circumstances presented in this issue.
The court is also cognizant of comments made by the respondent himself in court on October 6, 2010. The respondent acknowledged that “I do not have a law library where I’m at because they don’t provide one. So me, I’m representing myself, *773 it will be a hard situation to do on my own ... I cannot effectively represent myself.”
The court finds that there is neither a Sixth Amendment right to self-representation in civil proceedings conducted pursuant to the provisions of Mental Hygiene Law article 10 nor a constitutional right to self-representation in Mental Hygiene Law article 10 proceedings under the Due Process Clause.
The New York Legislature has chosen to give persons charged with a crime a statutory right to represent themselves. CPL 180.10 (5) provides that “[i]f the defendant desires to proceed without the aid of counsel, the court must permit him to do so if it is satisfied that he made such decision with knowledge of the significance thereof.”
In the absence of such language appearing in Mental Hygiene Law article 10, this court concludes that the New York Legislature did not intend to provide a respondent in an article 10 proceeding with a statutory right to self-representation. If the Legislature had intended to provide a statutory right to self-representation, it would have included such language in the text of article 10 as it did in the Criminal Procedure Law.
Having found that there is no constitutional or statutory right to self-representation in Mental Hygiene Law article 10 proceedings, this court denies the respondent’s request to represent himself in this matter.