In an abuse and neglect proceeding pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Kings County (Danoff, J.), dated January 19, 2012, as, after a permanency hearing, directed that the mother shall have at least one hour of unsupervised visitation with the subject child each day. By decision and order on motion of this Court dated February 2, 2012, enforcement of so much of the order dated January 19, 2012, as directed that the mother shall have at least one hour of unsupervised visitation with the subject child each day was stayed pending the hearing and determination of the appeal.
Ordered that the order dated January 19, 2012, is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The petitioner commenced this proceeding against the mother and father pursuant to Family Court Act article 10 alleging, among other things, that the mother and father abused and neglected their daughter who was, at the time, less than three months old. According to the allegations in the petition, the child sustained multiple rib fractures and a left wrist fracture. The petition alleged that, due to the fractured ribs, the child sustained a punctured lung, had fluid in her lungs, and contracted pneumonia. The mother and father were allegedly the sole caretakers of the child.
*523 After a permanency hearing, but before a full fact-finding hearing was conducted, the Family Court, inter alia, directed that the mother shall have at least one hour of unsupervised visitation with the child each day.
In view of the serious allegations of physical abuse committed against the child, it was an improvident exercise of discretion for the Family Court, without the benefit of a full fact-finding hearing, to direct that the mother shall have at least one hour of unsupervised visitation with the child each day. The safer course, and the one which serves the best interests of the child, is to continue with supervised visitation pending a full fact-finding hearing and final determination of the child abuse and neglect petition (see Matter of Nyasia J., 41 AD3d 478 [2007]; Matter of Nicole F., 221 AD2d 265 [1995]). Rivera, J.P., Hall, Lott and Cohen, JJ., concur.