In a child custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of disposition of the Family Court, Suffolk County (Budd, J.), dated June 8, 2012, which, upon an order of the same court dated March 9, 2012, and after a hearing, granted the mother’s petition to modify an order of custody and visitation of the same court dated September 8, 2010.
Ordered that on the Court’s own motion, the notice of appeal from the order dated March 9, 2012, is deemed to be a premature notice of appeal from the order of disposition dated June 8, 2012 (see CPLR 5520 [c]); and it is further,
Ordered that the order of disposition is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing on the mother’s petition before a different judge and a new determination thereafter.
In this custody and visitation proceeding, the father notified *550 the Family Court of his decision to waive his right to counsel and proceed pro se. The Family Court conducted an inquiry into the father’s request, but ultimately decided that he could not represent himself, and directed him to retain counsel.
The father, as a respondent in a proceeding pursuant to Family Court Act article 6, had a right to be represented by counsel (see Family Ct Act § 262 [a] [iii]; Matter of Rosof v Mallory, 88 AD3d 802 [2011]; Matter of Patricia L. v Steven L., 119 AD2d 221, 224 [1986]). A party, however, may waive the right to counsel and opt for self-representation (see People v Arroyo, 98 NY2d 101, 103 [2002]; People v Smith, 92 NY2d 516, 520 [1998]; Matter of Casey N., 59 AD3d 625, 627 [2009]). Before permitting a party to proceed pro se, the court must determine that the party’s decision to do so is made knowingly, intelligently, and voluntarily (see People v Smith, 92 NY2d at 520), by conducting a “searching inquiry” of that party (People v Arroyo, 98 NY2d at 103 [internal quotation marks omitted]; see People v Slaughter, 78 NY2d 485, 491 [1991]). Where a respondent has made a knowing, intelligent, and voluntary choice to represent himself or herself, “forcing a lawyer upon [him or her] is contrary to his [or her] basic right to defend himself [or herself]” (Faretta v California, 422 US 806, 817 [1975]; see People v McIntyre, 36 NY2d 10 [1974]).
Here, the Family Court engaged in a searching inquiry of the father, which revealed that the father knowingly, intelligently, and voluntarily waived his right to counsel, and that it was his desire and personal choice to proceed pro se. The court properly questioned the father with respect to, inter alia, his education, occupational history, and prior experience as a pro se litigant (see generally People v Smith, 92 NY2d at 520; Matter of Casey N., 59 AD3d at 627-628). The father indicated that he had a college education, was attending classes in finance and economics, had been employed in the mortgage-loan industry in various capacities for 20 years, and had been a pro se litigant, with some successes and failures, in both state and federal courts. The Family Court further properly warned the father of the perils of self-representation. The father acknowledged his understanding of those perils, and repeated his desire to proceed pro se. There is no indication that the father ever wavered or was unsure of his decision.
Nevertheless, the Family Court refused to permit the father to proceed pro se. The record indicates that the Family Court had a policy against permitting litigants to exercise the right to proceed pro se, as the court explicitly advised the father: “it’s not my policy to allow anyone other than attorneys to proceed *551 pro se.” Moreover, the court’s denial of the father’s request was not justified by the father’s inability to accurately describe the hearsay rule. “[M]ere ignorance of the law cannot vitiate an effective waiver of counsel” (People v McIntyre, 36 NY2d at 17-18; see Faretta v California, 422 US at 836).
We also note that while the Family Court stated that it was appointing “standby” or “advisory” counsel to assist the father, it did not limit the role of the attorney it had appointed to that of “advisory” counsel. The role of advisory counsel is only “to aid the [party proceeding pro se] if and when [that party] requests help, and to be available to represent [that party] in the event that termination of [the party’s] self-representation is necessary” (People v Sawyer, 57 NY2d 12, 22 [1982], cert denied 459 US 1178 [1983] [emphasis added], quoting Faretta v California, 422 US 806, 835 n 46 [1975]). Here, however, upon learning that the father had made a motion without consulting the “advisory” counsel, the court admonished him for not consulting with the “advisory” counsel and then dismissed the petition “for failure to prosecute because [the petitioner did] not have an attorney.” Under these circumstances, it is clear that the Family Court was not actually appointing “advisory” counsel, but, rather, was appointing counsel to represent the father; in other words, the court was “forcing a lawyer upon [him]” (Faretta v California, 422 US at 817).
We thus conclude that the Family Court committed reversible error by depriving the father of his right to self-representation (cf. Faretta v California, 422 US 806 [1975]; People v McIntyre, 36 NY2d 10 [1974]). Furthermore, in light of the court’s predetermined and unreasonable refusal to honor the father’s right to self-representation, which was accompanied by increasing intolerance toward the father, we remit the matter to a different judge.
The parties’ remaining contentions are without merit.
Accordingly, the order appealed from must be reversed and the matter remitted to the Family Court, Suffolk County, for a new hearing on the mother’s petition before a different judge, and a new determination thereafter. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.