■ In the Matter of LESLEY ANN RYAN, Respondent, v STEPHEN ALEXANDER, Appellant. [18 NYS3d 717]—

Appeal from an order of the Family Court, Kings County (Alan Beckoff, J.), dated August 14, 2013. The order, insofar as appealed from, after a hearing, in effect, granted the mother's petition for sole custody of the subject child and denied the father's petition for sole custody of the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A party in a custody proceeding has the right to be represented by counsel (*see Matter of Moiseeva v Sichkin*, 129 AD3d 974, 975 [2015]; *Matter of Belmonte v Batista*, 102 AD3d 682, 682 [2013]), but may waive that right, provided that he or she does so knowingly, voluntarily, and intelligently (*see Matter of Stephen Daniel A. [Sandra M.]*, 87 AD3d 735, 736 [2011]). "In order to determine whether a party is validly waiving the statutory right to counsel, the Family Court must conduct a 'searching inquiry' to ensure that the waiver is unequivocal, voluntary, and intelligent" (*Matter of Cerquin v Visintin*, 118 AD3d 987, 988 [2014], quoting *Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365, 373 [2008]). "While there is no rigid formula to be followed in such an inquiry, and the approach is flexible, the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel" (*Matter of McGregor v Bacchus*, 54 AD3d 678, 679 [2008] [internal quotation marks and citations omitted]; *see Matter of Pugh v Pugh*, 125 AD3d 663 [2015]).

Here, the Family Court conducted a sufficiently searching inquiry to ensure that the father's clear and unequivocal waiver of his right to counsel was knowingly, voluntarily, and intelligently made (*see People v Providence*, 2 NY3d 579, 583-584 [2004]; *Matter of Massey v Van Wyen*, 108 AD3d 549, 550 [2013]; *People v Sexton*, 73 AD3d 953, 954 [2010]). The court advised the father of the dangers and disadvantages of giving up the fundamental right to counsel, and the father acknowledged his understanding of those perils and repeated his desire to proceed pro se (*see Matter of Massey v Van Wyen*, 108 AD3d at 550; *People v Allison*, 69 AD3d 740, 741 [2010]). Contrary to the father's contention, "mere ignorance of the law cannot vitiate an effective waiver of counsel" (*People v McIntyre*, 36 NY2d 10, 17-18 [1974]).

In addition, there is no merit to the father's contention that the Family Court erred in directing his assigned counsel to remain in the case as his legal advisor. The role of advisory counsel is only "to aid the [party proceeding pro se] if and when [that party] requests help, and to be available to represent [that party] in the event that termination of [the party's] self-representation is necessary" (*People v Sawyer*, 57 NY2d 12, 22 [1982] [internal quotation marks omitted]). Here, there is no indication in the record that the father objected to his assigned counsel acting as his legal advisor for the remainder of the hearing (*see Matter of DeMichiel v DeMichiel*, 66 AD3d 894,

895 [2009]), nor was he entitled to assigned counsel of his choice (*see Matter of Child Welfare Admin. v Jennifer A.*, 218 AD2d 694, 696 [1995]).

Moreover, there is no basis to disturb the Family Court's order awarding sole custody of the child to the mother. "The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, and such assessments by the Family Court should not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Falabella v Belits*, 129 AD3d 1077, 1077 [2015]; *see Matter of Harry v Harry*, 92 AD3d 883, 884 [2012]).

Contrary to the father's contention, the Family Court properly determined that the best interests of the child would be served by awarding sole custody to the mother, with liberal visitation to him (*see Eschbach v Eschbach*, 56 NY2d at 174; *Matter of Falabella v Belits*, 129 AD3d at 1077). That determination is supported by the record, including the testimony of the parties and the recommendations of the forensic expert and attorney for the child. Since the court's determination has a sound and substantial basis in the record, it will not be disturbed (*see Bressler v Bressler*, 122 AD3d 659, 660 [2014]; *Matter of Duran v Sutherland*, 86 AD3d 539, 540 [2011]). Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.