In the Matter of JESSICA C. GRAHAM, Appellant, v CHARLES T. RAWLEY, Respondent. (Proceeding Nos. 1. and 3.) In the Matter of CHARLES T. RAWLEY, Respondent, v JESSICA GRAHAM, Appellant. (Proceeding Nos. 2 and 4.) [33 NYS3d 371]—

Appeals from (1) stated portions of an order of the Family Court, Richmond County (Karen Wolff, J.), dated January 28, 2015, (2) an order of that court dated March 19, 2015, (3) an order of that court, also dated March 19, 2015, and (4) stated portions of an order of that court dated May 28, 2015. The order dated January 28, 2015, insofar as appealed from, after a hearing, dismissed the mother's family offense petition. The first order dated March 19, 2015, after a hearing, awarded custody of the parties' child to the father. The second order dated March 19, 2015, dismissed the mother's petition to hold the father in violation of a prior agreement regarding visitation. The order dated May 28, 2015, insofar as appealed from, denied the mother's motion to vacate the first order dated March 19, 2015.

Ordered that the appeal from the first order dated March 19,

2015, is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest in the Family Court (*see* CPLR 5511; *Matter of Marchella P. [Loretta B.-B.]*, 137 AD3d 1286 [2016]); and it is further,

Ordered that the first order dated March 19, 2015, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the second order dated March 19, 2015, is affirmed, without costs or disbursements; and it is further,

Ordered that the orders dated January 28, 2015, and May 28, 2015, are affirmed insofar as appealed from, without costs or disbursements.

In November 2013, the father filed a petition seeking custody of the parties' child. Thereafter, the mother filed a family offense petition against the father, as well as a petition which alleged that the father violated a prior agreement between the parties regarding visitation. After a hearing, the Family Court, in the order appealed from dated January 28, 2015, dismissed the mother's family offense petition. The Family Court subsequently commenced a hearing on the father's custody petition. However, during the pendency of the custody hearing, the mother exited the courtroom and did not return. Thereafter, in the first and second orders appealed from dated March 19, 2015, the Family Court awarded custody of the child to the father and dismissed the mother's violation petition, respectively. The mother subsequently moved to vacate the first order dated March 19, 2015, which awarded custody of the parties' child to the father and which was entered upon her default. In the order appealed from dated March 28, 2015, the Family Court denied her motion.

Initially, the mother's appeal from the first order dated March 19, 2015, which awarded custody of the parties' child to the father, must be dismissed, except for matters which were the subject of contest before the Family Court, as it was entered upon the mother's default after she voluntarily exited the courtroom during the pendency of the custody hearing and failed to return (*see* CPLR 5511; *Matter of Zulme v Maehrlein*, 133 AD3d 608, 609 [2015]; *Matter of Smith v Howard*, 113 AD3d 781 [2014]). Although the mother subsequently moved to vacate the order of custody, the Family Court properly denied her motion in the order dated May 28, 2015 (*see Zaidi v New York Bldg. Contrs., Ltd.*, 61 AD3d 747, 748 [2009]; *Bitterman v Hurewitz*, 15 AD3d 434 [2005]).

The issue of the mother's waiver of the right to counsel was the subject of contest before the Family Court and, therefore,

may be reviewed by this Court in conjunction with the first order dated March 19, 2015, as well as the other orders. "Family Court Act § 262 provides certain parties to particular Family Court proceedings with a statutory right to counsel" (*Matter of Brown v Wood*, 38 AD3d 769, 769 [2007]). A party, however, may waive the right to counsel and opt for self-representation, provided that he or she does so knowingly, intelligently, and voluntarily (*see Matter of Casey N.*, 59 AD3d 625, 627 [2009]; *Matter of Knight v Knight*, 59 AD3d 445, 446 [2009]). "In order to determine whether a party is validly waiving the right to counsel, the court must conduct a 'searching inquiry' of the party who wishes to waive that right and thus proceed pro se" (*Matter of McGregor v Bacchus*, 54 AD3d 678, 679 [2008], quoting *People v Slaughter*, 78 NY2d 485, 491 [1991]). "While there is no 'rigid formula' to the court's inquiry, there must be a showing that the party 'was aware of the dangers and disadvantages of proceeding without counsel' " (*Matter of Casey N.*, 59 AD3d 625, 627 [2009], quoting *People v Providence*, 2 NY3d 579, 582 [2004]). "Generally, a litigant will be deemed competent to proceed pro se if that person is competent to proceed to trial" (*Matter of Julie G. v Yu-Jen G.*, 81 AD3d 1079, 1081 [2011]; *see Matter of Anthony K.*, 11 AD3d 748, 749 [2004]).

Based upon our review of the record, the Family Court conducted a sufficiently searching inquiry to ensure that the mother's waiver of her right to counsel was knowingly, voluntarily, and intelligently made (*see People v Providence*, 2 NY3d at 583; *Matter of Ryan v Alexander*, 133 AD3d 605, 606 [2015]; *Matter of McGregor v Bacchus*, 54 AD3d at 679). Further, the mother was sufficiently competent to waive her right to counsel (*see Matter of Julie G. v Yu-Jen G.*, 81 AD3d at 1081; *Matter of Anthony K.*, 11 AD3d at 749). Accordingly, we find no basis to disturb any of the orders appealed from on the ground that the mother was deprived of the right to counsel.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Bah v Bah*, 112 AD3d 921, 921-922 [2013], quoting *Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court," and its determinations regarding the credibility of witnesses are entitled to great weight on appeal (*Matter of Nusbaum v Nusbaum*, 59 AD3d 725, 725 [2009] [internal quotation marks omitted]). Here, the Family Court properly determined that the mother failed to establish, by a preponderance of the

768

evidence, that the father committed a family offense (*see* Family Ct Act § 812 [1]; *Matter of Bah v Bah*, 112 AD3d at 922; *Matter of Anthony J. v David K.*, 70 AD3d 1220, 1221 [2010]). Accordingly, the Family Court properly dismissed the mother's family offense petition in the order dated January 28, 2015. Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.