◼ In the Matter of EVADNE DIXON, Respondent, v ASHANTA MARSHALL, Respondent. [54 NYS3d 310]—

Appeal by Ashanta Marshall from an order of the Family Court, Kings County (Judith Waksberg, J.), dated November 12, 2015. The order, after a hearing, found that Ashanta Marshall committed the family offense of harassment in the second degree and directed him to comply with the terms of an order of protection dated November 6, 2015.

Ordered that the order dated November 12, 2015, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing and determination in accordance herewith; pending the new

determination, the order of protection dated November 6, 2015, shall remain in effect as a temporary order of protection.

A party in a proceeding pursuant to Family Court Act article 8 has the right to be represented by counsel (*see* Family Ct Act § 262 [a] [ii]), but may waive that right provided that he or she does so knowingly, intelligently, and voluntarily (*see Matter of Graham v Rawley*, 140 AD3d 765, 767 [2016]; *Matter of Nixon v Christian*, 130 AD3d 831, 832 [2015]; *Matter of Cerquin v Visintin*, 118 AD3d 987, 988 [2014]). In order to determine whether a party is validly waiving the right to counsel, the court must conduct a "searching inquiry" to ensure that the waiver is knowing, intelligent, and voluntary (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385 [2011] [internal quotation marks omitted]; *see Matter of Graham v Rawley*, 140 AD3d at 767; *Matter of Nixon v Christian*, 130 AD3d at 832). " 'While there is no rigid formula to the court's inquiry, there must be a showing that the party was aware of the dangers and disadvantages of proceeding without counsel' " (*Matter of Graham v Rawley*, 140 AD3d at 767, quoting *Matter of Casey N.*, 59 AD3d 625, 627 [2009]), and it is the "better practice" for the court to inquire about the litigant's " 'age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver' " (*Matter of Kathleen K. [Steven K.]*, 17 NY3d at 386, quoting *People v Arroyo*, 98 NY2d 101, 104 [2002]).

Here, the record was inadequate to demonstrate that the appellant validly waived his right to counsel (*see Matter of Pugh v Pugh*, 125 AD3d 663, 664 [2015]; *Matter of Cerquin v Visintin*, 118 AD3d at 988-989; *Matter of Spencer v Spencer*, 77 AD3d 761, 762 [2010]). Accordingly, the order must be reversed, and the matter remitted to the Family Court, Kings County, for a new hearing at which the appellant shall either appear with counsel or knowingly, voluntarily, and intelligently waive his right to counsel, and a new determination on the petition thereafter.

The appellant's remaining contention is without merit. Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.