OPINION OF THE COURT
Louis P. Gigliotti, J.
Pending before the court is a motion by petitioner Richard R. to proceed pro se. By omnibus order dated September 20, 2016, *910 this court assigned Mental Hygiene Legal Service (MHLS) to represent Richard R. By letter dated July 19, 2017, with accompanying motion papers, Richard R. asked the court to relieve MHLS as counsel and permit him to represent himself. The court received these papers on July 24, 2017, after having previously scheduled Richard R.’s annual review hearing for August 2, 2017. With insufficient time to address his request prior to the hearing, the Principal Court Attorney wrote Richard R. in a letter dated July 27, 2017 for the purpose of explaining that if Richard R. wished to pursue this motion, the hearing would need to be rescheduled. The Principal Court Attorney advised Richard R. that the earliest available date for his hearing would be December 6, 2017. The Principal Court Attorney further explained MHLS would be given an opportunity to submit a written response and he could submit a written reply. Richard R. was also asked to disclose in writing his age, education, occupation prior to confinement, access to legal resources and the extent of his personal involvement in prior legal proceedings (see Matter of State of New York v Raul L., 120 AD3d 52, 61-62 [2d Dept 2014]), as well as outline a generalized statement of what strategy he would use in conducting his annual review hearing, so that the court could determine whether his self-representation would disrupt or prevent the orderly conduct of the proceeding (see Matter of State of New York v Timothy BB., 113 AD3d 18, 21 [3d Dept 2013]).
By letter dated July 30, 2017, Richard R. communicated to the court that he wanted to proceed with his motion. Within this letter, he identified his age (50 years old), education (high school diploma with some college credits earned while incarcerated), prior occupation (supervisor with a commercial custodial maintenance company), access to legal resources (none as of July 13, 2017, due to the expiration of access to the Lexis-Nexis program at Central New York Psychiatric Center [CNYPC]), and involvement in prior legal proceedings (he is one plaintiff among several named in a federal lawsuit challenging the conditions of confinement at CNYPC, and he is the petitioner in a federal habeas corpus petition).
At the invitation of the court, MHLS responded to Richard R.’s motion by letter dated August 15, 2017. MHLS indicated that it remained ready, willing and able to resume its representation of Richard R. MHLS did not otherwise comment on whether Richard R. should be permitted to waive his right to counsel. The Attorney General’s Office filed a letter dated July *911 25, 2017, in which it advised the State was taking no position with respect to Richard R.’s request, except to offer to provide a series of questions and a waiver form for use in the event the court were to conduct an in-person examination of Richard R. as a predicate to representing himself.
Mental Hygiene Law § 10.08 (g) provides that “[i]n preparing for or conducting any hearing or trial pursuant to the provisions of this article, and in preparing any petition under the provisions of this article, the respondent shall have the right to have counsel represent him or her.” The Second Department in Raul L. (120 AD3d at 63) held that “a respondent in [a Mental Hygiene Law article 10] proceeding can effectively waive his or her statutory right to counsel only after the court conducts a searching inquiry to ensure that the waiver is unequivocal, voluntary, and intelligent.” Although decided in the context of an original confinement proceeding under Mental Hygiene Law § 10.06, the reasoning of Raul L. nevertheless applies to annual review hearings. The Appellate Division noted that a person subject to a Mental Hygiene Law article 10 proceeding “arguably faces an even more severe threat to his or her liberty than that faced by a criminal defendant” because “such a proceeding can result in civil confinement, . . . which is involuntary and indefinite . . . , and can last the remainder of a respondent’s life.” (Id.) As he has after each of his previous annual review hearings, Richard R. faces this same potential outcome if this court were to find that he remains a “dangerous sex offender requiring confinement,” as that term is defined in Mental Hygiene Law § 10.03 (e).
Although one of our sister courts has concluded “the New York Legislature did not intend to provide a respondent in an article 10 proceeding with a statutory right to self-representation” (see Matter of Charles B., 33 Misc 3d 769, 773 [Sup Ct, Oneida County 2011]), this decision was issued prior to the determination in Raul L. Absent a decision by the Appellate Division, Fourth Department on this issue, this court is bound to follow applicable decisions in another Department. (See e.g. Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [2d Dept 1984, Titone, J.]; Heymach v Cardiac Pacemakers, 183 Misc 2d 584, 588 [Sup Ct, Suffolk County 1999].)* Furthermore, the Fourth Department has entertained the concept of a right *912 to self-representation in Mental Hygiene Law article 10 matters (see e.g. Matter of Brooks v State of New York, 120 AD3d 1577, 1578-1579 [4th Dept 2014] [assuming arguendo that a person subject to civil confinement under Mental Hygiene Law article 10 has a right to self-representation]), and thus this court feels confident in following the principle articulated in Raul L.
Accordingly, the court will conduct the requisite inquiry of Richard R. on the record. Such inquiry will be held October 25, 2017 at 9:00 a.m., with counsel from the Attorney General’s Office and MHLS required to attend. The court will prepare an order to produce Richard R.
Furthermore, the offer from the Attorney General’s Office to submit proposed questions and a form waiver is hereby accepted.

 The conclusion in Charles B. was based in part upon the discrepancy between Criminal Procedure Law § 180.10 (5), which expressly provides for the waiver of counsel by a defendant in a criminal proceeding, and Mental *912 Hygiene Law article 10, which does not expressly recognize a right to self-representation. This court questions, without deciding, whether such a comparison is appropriate. Consider, for example, Family Court Act § 262 (a), which provides for a right to assistance of counsel in the context of certain Family Court proceedings. The statute is silent as to whether such assistance can be waived, and yet courts have recognized such waivers when made knowingly, intelligently and voluntarily. (See e.g. Matter of Graham v Rawley, 140 AD3d 765, 767 [2d Dept 2016] [recognizing the right to counsel provided in Family Court Act § 262, but acknowledging said right can be waived and a party permitted to proceed pro se, as long as a court makes proper inquiry of the party], lv dismissed and denied 28 NY3d 955 [2016].)