Matter of Aaliyah J. (Tameia J.) (2018 NY Slip Op 00555)





Matter of Aaliyah J. (Tameia J.)


2018 NY Slip Op 00555


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-02775
 (Docket No. N-5430-17)

[*1]In the Matter of Aaliyah J. (Anonymous). Administration for Children's Services, appellant; Tameia J. (Anonymous), respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Elina Druker of counsel), for appellant.
Center for Family Representation, Jamaica, NY (Kelly Latham and Sabrina Tann of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara Steckler, Marcia Egger, and Randi O'Donnell of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated March 16, 2017. The order, insofar as appealed from, after a hearing, and upon removal of the child Aaliyah J. from the mother's custody pursuant to Family Court Act § 1027 on consent, granted the mother's application for supervised overnight visitation with the child.
ORDERED that order is affirmed insofar as appealed from, without costs or disbursements.
In July 2016, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that the mother abused her then three-month-old child, Kylee J., who suffered an arm fracture and a skull fracture. Kylee was removed to the custody of ACS and placed in kinship foster care with a maternal aunt. On March 8, 2017, the mother gave birth to Aaliyah J. In a petition dated March 10, 2017, ACS alleged that the mother derivatively abused Aaliyah based on the earlier injuries to Kylee. At a hearing pursuant to Family Court Act § 1027, the mother consented to the removal of Aaliyah to ACS custody, to be placed in kinship foster care with another maternal aunt (hereinafter the second maternal aunt). The mother applied for supervised overnight visitation with Aaliyah in order to breast feed her at night and bond with her. The parties stipulated, inter alia, that the mother had undergone a mental health evaluation, that the mother had signed a HIPAA release form so that ACS could consult with her health care providers, that the mother had begun parenting classes, and that the maternal aunt who supervised the mother's visitation with the older child, Kylee, had stated that the mother's interactions with Kylee were at all times appropriate. Furthermore, the second maternal aunt agreed that she would install a lock on the door to the bedroom where she and Aaliyah would sleep, and that upon Aaliyah's waking at night, the aunt would supervise the mother's contact with Aaliyah.
In an order dated March 16, 2017, the Family Court removed Aaliyah from the mother's custody on consent, released her to the second maternal aunt with ACS supervision, and granted the mother's application for supervised overnight visits. The court allocuted both the mother and the second maternal aunt as to the consequences of failing to abide by or enforce the order. ACS appeals from so much of the order as granted the mother's application for supervised overnight visitation.
During the pendency of an abuse proceeding, a respondent whose child is in the temporary custody of a social services official pursuant to article 10, part 2 of the Family Court Act shall "have the right to reasonable and regularly scheduled visitation" with the child (Family Ct Act § 1030[a]) and shall "be granted reasonable and regularly scheduled visitation unless the court finds that the child's life or health would be endangered thereby" (Family Ct Act § 1030[c]; see Matter of Nyla W. [Nora A.], 105 AD3d 861, 862; Matter of Nyasia J., 41 AD3d 478, 479). Contrary to ACS's contention, under the circumstances of this case, the Family Court providently exercised its discretion in awarding the mother supervised overnight visitation (see Family Ct Act § 1030[c]; see generally Matter of Nyla W. [Nora A.], 105 AD3d at 862; Matter of Nyasia J., 41 AD3d at 479). The court placed certain safeguards to protect Aaliyah from imminent risk of harm during the supervised overnight visitation with the mother.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court