Matter of Aleman v Lansch (2018 NY Slip Op 01303)





Matter of Aleman v Lansch


2018 NY Slip Op 01303


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-12390
 (Docket Nos. V-3081-16, V-3082-16)

[*1]In the Matter of Fannie Aleman, respondent, 
v
James A. Lansch, appellant.


James A. Lansch, White Plains, NY, appellant pro se.
Theresa M. Daniele, White Plains, NY, attorney for the children.



DECISION & ORDER
Appeal from an order of the Family Court, Westchester County (Nilda Morales-Horowitz, J.), entered October 21, 2016. The order, in effect, dismissed the father's petition for custody of the parties' children and his petition alleging violation of the parties' custody agreement that was incorporated into their judgment of divorce dated July 8, 2014, and granted the mother's family offense petition to the extent of limiting the father to supervised visitation with the parties' children.
ORDERED that the order is reversed, on the law, without costs or disbursements, the father's petitions are reinstated, and the matters are remitted to the Family Court, Westchester County, for a hearing, with all convenient speed, on the father's petitions and the mother's family offense petition before a different judge, at which hearing the father shall be permitted to proceed pro se, if he so chooses, and for a new determination thereafter on the merits of the petitions; and it is further,
ORDERED that pending the hearing and determination of the petitions, or further order of the Family Court, Westchester County, the father shall have unsupervised visitation with the children pursuant to the parenting agreement, but shall have no overnight visitation with the children.
The parties were divorced by judgment dated July 8, 2014. The judgment of divorce incorporated the parties' custody agreement providing for joint legal custody of the parties' children, with the mother to have primary physical custody and the father to have certain liberal parenting time. In January 2016, the mother filed a family offense petition against the father, alleging that he sexually abused the children. The Family Court issued a full stay-away temporary order of protection in favor of the mother and children, which was eventually replaced by a temporary order limiting the father to supervised visitation with the children. Thereafter, the father filed petitions seeking custody of the children and alleging that the mother violated the parties' custody agreement that was incorporated into the judgment of divorce by filing numerous false claims of sexual abuse against him.
The father, who is a tax attorney, appeared pro se. In several court appearances, the Family Court repeatedly conducted an inquiry into the father's request to proceed pro se, advising [*2]him that he should retain counsel and noting the perils of proceeding without counsel. The father acknowledged his understanding of those perils and repeated his desire to proceed pro se. The court ultimately decided that he could not represent himself, and it would continue supervised visitation indefinitely until he retained counsel to file for modification of the temporary order. In the order appealed from, the court, in effect, dismissed the father's petition for custody and his petition alleging violation of the parties' custody agreement, and granted the mother's family offense petition to the extent of limiting the father to supervised visitation with the parties' children.
The father had a statutory right to counsel in these Family Court proceedings (see Family Ct Act § 262[a][ii], [v]; Matter of Dixon v Marshall, 151 AD3d 965, 966; Matter of Graham v Rawley, 140 AD3d 765, 767). However, he also had the right to waive counsel and proceed pro se, provided he waived his right to counsel knowingly, intelligently, and voluntarily (see Faretta v California, 422 US 806, 835; Matter of Kathleen K. [Steven K.], 17 NY3d 380, 384-385; Matter of Massey v Van Wyen, 108 AD3d 549, 550). "Where a respondent has made a knowing, intelligent, and voluntary choice to represent himself or herself, forcing a lawyer upon [him or her] is contrary to his [or her] basic right to defend himself [or herself]'" (Matter of Massey v Van Wyen, 108 AD3d at 550, quoting Faretta v California, 422 US at 817).
Where a party unequivocally and timely asserts the right to self-representation, the court must conduct a searching inquiry to ensure that the waiver of the right to counsel is knowing, intelligent, and voluntary (see Matter of Kathleen K. [Steven K.], 17 NY3d at 385; Matter of State of New York v Raul L., 120 AD3d 52, 63). "While there is no rigid formula to the court's inquiry, there must be a showing that the party was aware of the dangers and disadvantages of proceeding without counsel" (Matter of Graham v Rawley, 140 AD3d at 767 [internal quotation marks omitted]; see People v Providence, 2 NY3d 579, 582; Matter of Dixon v Marshall, 151 AD3d at 966). The Court of Appeals has stated that the better practice is to ask the party about his or her age, education, occupation, previous exposure to legal procedures, and other relevant factors bearing on a competent, intelligent, and voluntary waiver (see People v Arroyo, 98 NY2d 101, 104; Matter of State of New York v Raul L., 120 AD3d at 62).
Here, the father unequivocally and timely asserted his right to represent himself in the Family Court proceedings. The Family Court engaged in a searching inquiry of the father, which revealed that he knowingly, intelligently, and voluntarily waived his right to counsel, and that it was his desire and personal choice to proceed pro se. The court properly warned him of the perils of self-representation, which he acknowledged. The father is a tax attorney, and his relative ignorance of family law did not justify the court's denial of his request, as mere ignorance of the law is insufficient to deprive one of the right to self-representation (see Matter of Massey v Van Wyen, 108 AD3d at 551). Further, the court's belief that counsel for the father would be helpful in these matters was an insufficient reason to deprive the father of his right of self-representation (see Matter of Kent v Kent, 29 AD3d 123, 129-130; Nimkoff v Nimkoff, 18 AD3d 344, 346). The father did not engage in any disruptive conduct that would prevent the fair and orderly exposition of the issues (see Matter of Kathleen K. [Steven K.], 17 NY3d at 385; People v McIntyre, 36 NY2d 10, 18; cf. Matter of Aiden XX. [Jesse XX.], 104 AD3d 1094, 1097). Accordingly, the Family Court should not have deprived the father of his right to self-representation (see Matter of Massey v Van Wyen, 108 AD3d at 551; cf. Faretta v California, 422 US 806; People v McIntyre, 36 NY2d 10).
Moreover, the Family Court should not have entered a permanent order of supervised visitation without conducting a hearing (see S.L. v J.R., 27 NY3d 558, 564). Where, as here, facts material to a best interests analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required (see id. at 564; Obey v Degling, 37 NY2d 768, 770; Matter of Izquierdo v Santiago, 151 AD3d 967, 968).
Accordingly, the order appealed from must be reversed, the father's petitions reinstated, and the matters remitted to the Family Court, Westchester County, for a hearing on the father's petition for custody and his petition alleging violation of the parties' custody agreement incorporated in the judgment of divorce, and the mother's family offense petition, at which the father shall be permitted to proceed pro se, and, thereafter, determinations of the petitions on the merits. [*3]Further, in light of the court's unreasonable refusal to honor the father's right to self-representation, which was accompanied by increasing intolerance towards the father, we remit the matters to a different judge (see Matter of Massey v Van Wyen, 108 AD3d at 551).
Given the nature of the allegations of inappropriate conduct involving, inter alia, bathing and sleeping arrangements with the children, it would be in the best interests of the children to suspend overnight visitation pending a full fact-finding hearing on those allegations (see Matter of Chavah T., 99 AD3d 915, 917; Matter of Bree W. [Jennifer F.], 98 AD3d 522, 523; Matter of Nyasia J., 41 AD3d 478, 479). Accordingly, pending the hearing and determinations on the petitions, or further order of the Family Court, Westchester County, overnight visitation pursuant to the parties' original agreement shall be suspended. However, daytime visitation need not be supervised.
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court