Matter of Christopher M. S. (Christine F. S.--Donna B.) (2019 NY Slip Op 05407)





Matter of Christopher M. S. (Christine F. S.--Donna B.)


2019 NY Slip Op 05407


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-11622
 (Docket No. NN-4703-17)

[*1]In the Matter of Christopher M. S. (Anonymous). Administration for Children's Services, appellant; Christine F. S. (Anonymous), et al., respondents; Donna B. (Anonymous), nonparty-respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Nwamaka Ejebe of counsel), for appellant.
Mark Brandys, New York, NY, for nonparty-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the Administration for Children's Services appeals from an order of the Family Court, Richmond County (Karen B. Wolff, J.), dated October 2, 2018. The order, insofar as appealed from, after a fact-finding hearing, granted the paternal grandmother's application pursuant to Family Court Act § 1028 to the extent of awarding her unsupervised access with the subject child on Saturdays and Sundays from 10:00 a.m. until 7:00 p.m., and directing the paternal grandmother to bring the child and his siblings to the Administration for Children's Services on Saturdays from 12:00 p.m. until 2:00 p.m. for supervised access with the mother of the children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In September of 2017, the subject child, who was then five days old, was placed in
the custody of the Commissioner of the petitioner, Administration for Children's Services (hereinafter ACS), with a restrictive placement with his paternal grandmother. The child was born with a positive toxicology for heroin.
In April 2018, ACS commenced a child protective proceeding, alleging that the parents, the paternal grandmother, and the maternal grandfather abused the child, who had suffered a fracture of his left arm while in their care. The child was placed in the custody of the Commissioner of ACS.
Reports from the caseworkers monitoring the case and letters from treatment providers, which were submitted to the Family Court, indicated that the paternal grandmother was compliant with all aspects of her service plan, including completing a parenting skills course and individual therapy. Following a hearing on the paternal grandmother's application pursuant to Family Court Act § 1028, the court continued the child's placement in foster care, but granted the paternal grandmother unsupervised access with the child on Saturdays and Sundays from 10:00 a.m. [*2]until 7:00 p.m., and directed the paternal grandmother to bring the child and his siblings to the Administration for Children's Services on Saturdays from 12:00 p.m. until 2:00 p.m. for supervised access with the mother of the children. ACS appeals. We affirm.
During the pendency of a child protective proceeding, a respondent shall have the right to reasonable and regularly scheduled access (see Family Ct Act § 1030[a]) with the child and shall be granted reasonable and regularly scheduled access unless the court finds that the child's life or health would be endangered thereby (see Family Ct Act § 1030[c]; Matter of Nyla W. [Nora A.], 105 AD3d 861; Matter of Nyasia J., 41 AD3d 478).
Contrary to ACS's contention, under the circumstances of this case, the Family Court providently exercised its discretion in awarding the paternal grandmother unsupervised access with the child (see Family Ct Act § 1030[c]; see generally Matter of Nyla W. [Nora A.], 105 AD3d at 861; Matter of Nyasia J., 41 AD3d at 478). The order appealed from affords the paternal grandmother, who has completed her service plan, and who has been observed to have acted properly during prior access with the child, unsupervised access with the child on Saturdays from 10:00 a.m. until 12:00 p.m., to be followed by the paternal grandmother's supervised access with the child, his three siblings, and their mother from 12:00 p.m. until 2:00 p.m., to be followed by the paternal grandmother's further unsupervised access with the child from 2:00 p.m. until 7:00 p.m. On Sundays, the paternal grandmother is to be afforded unsupervised access with the child. The two hours of access on Saturday that is supervised by ACS affords ACS the opportunity to address any concerns that may come up and constitutes a sufficient safeguard in the child's best interests (see generally Matter of Gerald Y.-C. [Ronald Y.], 150 AD3d 457).
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court