Matter of Alexandra R.-M. (Sonia R.) (2020 NY Slip Op 00280)





Matter of Alexandra R.-M. (Sonia R.)


2020 NY Slip Op 00280


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-14393
 (Docket No. N-16287-16)

[*1]In the Matter of Alexandra R.-M. (Anonymous). Administration for Children's Services, respondent; Sonia R. (Anonymous), appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Cynthia Kao of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Carol Ann Stokinger, J.), dated October 19, 2018. The order of disposition, upon an order of fact-finding of the same court (Mildred T. Negron, J.) dated May 9, 2018, after fact-finding and dispositional hearings, inter alia, found that the mother neglected the subject child.
ORDERED that the order of disposition is reversed, on the law, without costs or disbursements, the order of fact-finding is vacated, the petition is denied, and the proceeding is dismissed.
On August 22, 2016, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that on or about July 1, 2016, the mother neglected her then 15-year- old daughter by failing to provide the child with proper supervision or guardianship. After fact-finding and dispositional hearings, the Family Court found that the mother neglected the child by her "continuous, relentless belittling and degrading of the child and by striking the child." The mother appeals from the order of disposition.
As a threshold matter, we reject the mother's contention that she was deprived of her right to counsel at the fact-finding hearing. "A party in a proceeding pursuant to Family Court Act article 10 has both a constitutional right and a statutory right to be represented by counsel" (Matter of Casey N., 59 AD3d 625, 627). "A party, however, may waive the right to counsel and opt for self-representation, provided that he or she does so knowingly, intelligently, and voluntarily" (Matter of Graham v Rawley, 140 AD3d 765, 767). In determining whether a waiver meets this requirement, the court must conduct a searching inquiry (see People v Slaughter, 78 NY2d 485, 491) and impress upon the party the dangers and disadvantages of giving up the right to counsel (see Matter of Kathleen K. [Steven K.], 17 NY3d 380, 386). Here, based upon our review of the record, the Family [*2]Court conducted a sufficiently searching inquiry to ensure that the mother's waiver of her right to counsel and her election to represent herself, with the assistance of a legal advisor, was knowingly, voluntarily, and intelligently made (see Matter of Graham v Rawley, 140 AD3d at 767).
To establish neglect, a petitioner must demonstrate by a preponderance of the evidence, "first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act § 1012[f][i]]B]). "Actual or imminent danger of impairment is a prerequisite to a finding of neglect [which] ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior'" (Matter of Zahir W. [Ebony W.], 169 AD3d 909, 909-910, quoting Nicholson v Scoppetta, 3 NY3d at 369).
Here, the Family Court's finding of neglect is not supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). The evidence adduced at the fact-finding hearing demonstrated that the mother and the child have a difficult relationship caused, in significant part, by the mother's disapproval of the child's behavior and the child's unwillingness to abide by her mother's rules, and the fact that the child had disciplinary problems at home and at school. Contrary to the court's determination, there was insufficient evidence to prove that the mother ever struck the child at the relevant time. While the petition alleged that the mother, during an argument with the child on or about July 1, 2016, locked the child in a storage room, the child testified that she herself ran into the storage room, locked the door, and was not physically hurt. This argument arose when the mother told the child that she could not go out that night. At that time, when the neglect is alleged to have occurred, the child had been residing with the mother for only one day, having lived in foster care for approximately two years. Moreover, although the petition alleged that the mother was required to make alternate living arrangements for the child since the child could no longer reside with the maternal grandmother and refused to reside with the mother, the mother's desire to have the child reside with her does not support a finding of neglect. Finally, the evidence adduced at the fact-finding hearing of the mother's insults and name-calling, while certainly counterproductive and inappropriate, does not rise to the level of establishing a failure to provide the child with proper supervision or guardianship or demonstrate a resulting impairment or imminent danger of impairment of the child's physical, mental, or emotional condition (see Matter of Jaire C. [Lucinda J.], 174 AD3d 894, 895; Matter of Jahzir Barbee M. [Racine B.], 171 AD3d 1181, 1183).
The parties' remaining contentions are without merit.
Accordingly, the Family Court should have denied the petition and dismissed the proceeding.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court