Matter of Janiyah H. (Jorame B.)
2026 NY Slip Op 03673
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Janiyah H. (Anonymous). Administration for Children's Services, respondent;
v
Jorame B. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-10019, (Docket No. N-25010-23)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Lisa S. Ottley, JJ.

Kyle Sosebee, Brooklyn, NY, for appellant
Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Lauren L. O'Brien of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Daniel Abdul-Malak of counsel), attorney for the child.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated September 23, 2024. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject child.
ORDERED that the order of fact-finding and disposition is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petition is denied insofar as asserted against the father, and the proceeding is dismissed insofar as asserted against the father.
In December 2023, the petitioner, Administration for Children's Services (hereinafter ACS), commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father failed to provide the subject child with adequate supervision or guardianship. In an order of fact-finding and disposition dated September 23, 2024, the Family Court, among other things, found that the father neglected the child. The father appeals.
In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Matter of Isaiah D. [Chinelle D.], 247 AD3d 1022, 1023; Matter of Kaira K. [Karam S.], 226 AD3d 900, 902). "'To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Kaira K. [Karam S.], 226 AD3d at 902, quoting Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784). "'Actual or imminent danger of impairment is a prerequisite to a finding of neglect [which] ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior'" (Matter of Tiffany N. [Trena G.], 238 AD3d 1044, 1044-1045 [internal quotation marks omitted], quoting Nicholson v Scoppetta, [*2]3 NY3d 357, 369). The statutory test is minimum degree of care, "not maximum, not best, not ideal" (Nicholson v Scoppetta, 3 NY3d at 370).
Here, the Family Court's finding of neglect is not supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]), since ACS failed to establish a causal connection between the father's conduct and actual or imminent harm to the child (see Matter of Tiffany N. [Trena G.], 238 AD3d at 1045). The evidence adduced at the fact-finding hearing demonstrated that, during the execution of a search warrant by police officers at the mother's residence for reasons unrelated to the subject finding of neglect, the father was sleeping in a state of partial undress underneath a sheet due to having vomited on himself and not having a change of clothing at the mother's residence. The evidence further demonstrated that the father had fallen asleep on a bed belonging to the child while that bed was empty. Under the circumstances, the father's conduct does not rise to the level of establishing a failure to provide the child with proper supervision or guardianship or demonstrate a resulting impairment or imminent danger of impairment of the child's physical, mental, or emotional condition (see Matter of Alexandra R.-M. [Sonia R.], 179 AD3d 809, 811; Matter of Jaire C. [Lucinda J.], 174 AD3d 894, 895-896).
Accordingly, the Family Court improperly found that the father neglected the child.
CONNOLLY, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court