In the Matter of TITO T. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; CARLOS T., Respondent. [40 NYS3d 547]—

Appeal by the petitioner from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated February 9, 2016. The order, insofar as appealed from, granted the father's application, in effect, to modify an order of disposition of that court dated July 18, 2014, so as to award him unsupervised visitation with the subject child. By decision and order on motion dated March 3, 2016, this Court stayed enforcement of the order and continued supervised visitation between the father and the subject child pending hearing and determination of the appeal.

Ordered that the order dated February 9, 2016, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the father's application, in effect, to modify the order of disposition dated July 18, 2014, so as to award him unsupervised visitation with the child is denied.

In this proceeding pursuant to Family Court Act article 10, the Family Court issued an order of fact-finding dated May 8, 2014, in which it found that the father sexually abused the subject child, and that the child was an abused child as defined by Family Court Act § 1012. In an order of disposition dated July 18, 2014, the court, inter alia, released the child to the custody of the mother and awarded the father supervised visitation as directed by the petitioner, Administration for Children's Services (hereinafter ACS). The court also directed the father to complete a sex offender treatment program, and to attend individual psychotherapy and cooperate with such therapy until successfully discharged. The court ordered a 12-month period of ACS supervision of the father, which period was subsequently extended for an additional 12 months.

In February 2016, the father sought unsupervised visitation

with the child. The Family Court, upon hearing a sworn narrative statement of the mother, and upon conducting a brief allocution of the father, granted the father's application to the extent of modifying the order of disposition so as to award him one supervised visit per week and one unsupervised visit "in the community" per week, with the child to be picked up and dropped off at an ACS office. ACS appeals.

The Family Court improvidently exercised its discretion in awarding the father unsupervised visitation, under the circumstances presented. In a child protective proceeding pursuant to Family Court Act article 10, "[t]he best interests of the children determine whether visitation should be permitted to a parent who has committed abuse or neglect" (*Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809, 811 [2014]; *see Matter of Amir J.-L.*, 57 AD3d 669 [2008]). Pursuant to Family Court Act § 1061, the court may modify any order issued during the course of a child protective proceeding for "good cause shown." "As with an initial order, the modified order 'must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record' " (*Matter of Kenneth QQ. [Jodi QQ.]*, 77 AD3d 1223, 1224 [2010], quoting *Matter of Elijah Q.*, 36 AD3d 974, 976 [2007]).

Here, the father did not show good cause for the modification, since, inter alia, ACS reports that were submitted to the Family Court showed that the father engaged in certain inappropriate conduct during supervised visitation in the period prior to his application and did not accept responsibility for the conduct that formed the basis of the abuse finding. Accordingly, the court improvidently exercised its discretion in awarding the father unsupervised visitation with the child (*see Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d at 811; *Matter of Enrique T. v Annamarie M.*, 15 AD3d 310 [2005]; *see also Matter of Nyasia J.*, 41 AD3d 478 [2007]). Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.