■ In the Matter of JEANETTE V. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MARINA L., Respondent. [58 NYS3d 577]—

Appeal by the petitioner from an order of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated November 10, 2016. The order, without a hearing, granted the motion of the attorney for the child to modify a prior order of that court dated April 29, 2016, so as to provide for unsupervised overnight visitation between the mother and the child. By decision and order on motion dated December 2, 2016, this Court granted those branches of the petitioner's motion which were to stay enforcement of so much of the order dated November 10, 2016, as allowed unsupervised overnight visitation between the mother and the child and to continue unsupervised daytime visitation between the mother and the child pending hearing and determination of the appeal.

Ordered that the order dated November 10, 2016, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

The petitioner commenced this proceeding alleging that the mother had neglected the subject child. In an order of fact-finding and disposition dated May 17, 2011, the Family Court, upon the mother's consent to a finding of neglect without admission pursuant to Family Court Act § 1051 (a), found that the mother had neglected the child, and the child was placed in a kinship foster home. In an order dated April 29, 2016, the mother was awarded unsupervised daytime visitation with the child. In October 2016, the attorney for the child moved to

modify the order dated April 29, 2016, so as to provide for unsupervised overnight visitation between the mother and the child. The petitioner opposed the motion. Without a hearing, the court granted the motion. The petitioner appeals. Although the motion of the attorney for the child was granted, on appeal, the attorney for the child acknowledges that a hearing was necessary to determine whether unsupervised overnight visitation between the mother and the child was in the child's best interests.

"In a child protective proceeding pursuant to Family Court Act article 10, [t]he best interests of the children determine whether visitation should be permitted to a parent who has committed abuse or neglect. Pursuant to Family Court Act § 1061, the court may modify any order issued during the course of a child protective proceeding for 'good cause shown.' As with the initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances" (*Matter of Tito T. [Carlos T.]*, 144 AD3d 813, 814 [2016] [citations and internal quotation marks omitted]). "Before making children available for unsupervised visits, a Family Court must find that a person with a history of abuse or neglect of her children has successfully overcome her prior inclinations and behavior patterns, despite what may be the best of intentions" (*Matter of Nyasia J.*, 41 AD3d 478, 479 [2007] [internal quotation marks omitted]). Where facts material to a best interests analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required (*see S.L. v J.R.*, 27 NY3d 558, 564 [2016]).

Under the circumstances of this case, a hearing was necessary to determine whether unsupervised overnight visitation between the mother and the child was in the child's best interests (*see id.* at 564; *Matter of Jennifer J.H. v Artrieo J.R.*, 148 AD3d 809 [2017]). Accordingly, we reverse the order appealed from and remit the matter to the Family Court, Queens County, for a hearing to determine the best interests of the child and a new determination of the motion of the attorney for the child. Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.