Matter of Jaheim G. (Lisa G.) (2020 NY Slip Op 05900)





Matter of Jaheim G. (Lisa G.)


2020 NY Slip Op 05900


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-10163
 (Docket No. N-19291-19)

[*1]In the Matter of Jaheim G. (Anonymous). Administration for Children's Services, respondent; Lisa G. (Anonymous), appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (MacKenzie Fillow and Kate Fletcher of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Polixene Petrakopolous of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated July 26, 2019. The order granted the petitioner's motion pursuant to Family Court Act § 1061 to vacate so much of an order of the same court dated July 12, 2019, as directed that the subject child remain in the legal custody of the mother under the supervision of the petitioner and to place the subject child in the legal custody of the petitioner.
ORDERED that the order dated July 26, 2019, is affirmed, without costs or disbursements.
In July 2019, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject child by interfering with the course of treatment recommended for him as a patient at Bellevue Pediatric Psychiatric Hospital. In an order dated July 12, 2019, the Family Court, inter alia, directed that the child remain in the legal custody of the mother under the petitioner's supervision on the condition that she follow the reasonable recommendations of the child's hospital and service providers. On July 23, 2019, the petitioner moved pursuant to Family Court Act § 1061 to vacate so much of the order dated July 12, 2019, as directed that the child remain in the legal custody of the mother under the petitioner's supervision and to place the child in the legal custody of the petitioner based on evidence indicating that the mother violated the order by facilitating the child's attempt to seek a discharge from the hospital pursuant to Mental Hygiene Law § 9.13(b). In an order dated July 26, 2019, the Family Court granted the motion without a hearing. The mother appeals.
"Family Court Act § 1061 provides that, for good cause shown, a court may set aside, modify, or vacate an order issued in the course of a child protective proceeding" (Matter of Jasir M. [Myaisha E.], 167 AD3d 1014, 1015; see Family Ct Act § 1061; Matter of Kevin M.H. [Kevin H.], 102 AD3d 690, 691-692). "The statute 'expresses the strong Legislative policy in favor of [*2]continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Kevin M.H. [Kevin H], 102 AD3d at 691-692, quoting Matter of Angelina AA., 222 AD2d 967, 968-969 [internal quotation marks omitted]). "'As with the initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances'" (Matter of Jeanette V. [Marina L.], 152 AD3d 706, 707, quoting Matter of Tito T. [Carlos T.], 144 AD3d 813, 814 [internal quotation marks omitted]). "Where facts material to a best interests analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required" (Matter of Jeanette V. [Marina L.], 152 AD3d at 707; see S.L. v. J.R., 27 NY3d 558, 564).
Here, contrary to the mother's contention, the Family Court was not required to conduct a hearing before deciding the petitioner's motion pursuant to Family Court Act § 1061 because the material facts underlying the motion were not in dispute and were sufficient, in and of themselves, to support vacatur (see Matter of Sutton S. [Abigail E.S.], 152 AD3d 608, 609). The mother's own statements confirm that she violated the directive in the order dated July 12, 2019, that she "follow all reasonable recommendations for all hospital and service providers for the child." The mother's almost immediate violation of the order dated July 12, 2019, warranted vacatur (see Matter of Jasir M. [Myaisha E.], 167 AD3d at 1015-1016; Matter of Yosepha K. [Chana D.], 165 AD3d 932, 933). Moreover, the court's determination to grant the petitioner's motion was supported by a sound and substantial basis in the record and was consistent with the best interests of the child (see Matter of Jasir M. [Myaisha E.], 167 AD3d at 1015-1016).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court