Matter of Arielle A. D. (Keith D.) (2021 NY Slip Op 01769)





Matter of Arielle A. D. (Keith D.)


2021 NY Slip Op 01769


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10274
 (Docket Nos. NN-13876-17, NN-13877-17)

[*1]In the Matter of Arielle A. D. (Anonymous). Administration for Children's Services, respondent; Keith D. (Anonymous), Sr., appellant. (Proceeding No. 1.)
In the Matter of Keith D. (Anonymous), Jr. Administration for Children's Services, respondent; Keith D. (Anonymous), Sr., appellant. (Proceeding No. 2.)


Tammi D. Pere, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (John Moore and Barbara Graves-Poller of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated July 31, 2019. The order, after a hearing, denied the father's motion, inter alia, to modify an order of disposition of the same court (Mildred T. Negron, J.) dated February 9, 2018, so as to grant a suspended judgment, and to vacate an order of fact-finding of the same court (Connie Gonzalez, J.) dated January 8, 2018, which, upon the father's consent to the entry of an order of fact-finding, found that he neglected the subject children.
ORDERED that the order dated July 31, 2019, is affirmed, without costs or disbursements.
In July 2017, the Administration for Children's Services (hereinafter ACS) filed petitions alleging that the father neglected the subject children by subjecting the mother to acts of domestic violence in the younger child's presence, abusing alcohol, and failing to comply with medication or therapy for his diagnosed mental illness. In an order of fact-finding dated January 8, 2018, made upon the father's consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), the Family Court found that the father neglected the children as alleged in the petitions. On February 9, 2018, the court issued an order of disposition releasing the children, upon consent, to the custody of their mothers under ACS supervision, and directing the father to comply with certain conditions, while under ACS supervision, until November 9, 2018.
In December 2018, the father moved to modify the order of disposition so as to grant a suspended judgment, to vacate the order of fact-finding, and to dismiss the petitions. ACS opposed the motion. In an order dated July 31, 2019, made after a hearing, the Family Court denied the father's motion. The father appeals.
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." "'The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Boston G., 157 AD3d 675, 677, quoting Matter of Kevin M.H., 102 AD3d 690, 691). "'As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Aaliyah B., 170 AD3d 712, 712-713, quoting Matter of Jacob P.E., 162 AD3d 1017, 1018; see Matter of Sophia W., 176 AD3d 723, 724; Matter of Alisah H., 168 AD3d 842, 843; Matter of Leenasia C., 154 AD3d 1, 4).
Here, the record supports the Family Court's determination that the father failed to demonstrate that modifying the order of disposition so as to grant a suspended judgment, vacating the order of fact-finding, and dismissing the petitions served the children's best interests. Despite his successful completion of certain court-ordered programs, given the serious nature of his conduct and his failure to recognize the need for continued psychiatric supervision, the court did not improvidently exercise its discretion in denying the father's motion (see Matter of Sophia W., 176 AD3d at 725; Matter of Jacob P.E., 162 AD3d at 1018; see also Matter of Alisah H., 168 AD3d at 844).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court