Matter of Jveya J. (Ebony W.) (2021 NY Slip Op 03182)





Matter of Jveya J. (Ebony W.)


2021 NY Slip Op 03182


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-14230
 (Docket No. N-1937-19)

[*1]In the Matter of Jveya J. (Anonymous). Administration for Children's Services, respondent; Ebony W. (Anonymous), appellant.


Tammi D. Pere, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Melanie T. West and Rebecca L. Visgaitis of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Polixene Petrakopolous of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Margaret Morgan, J.), dated December 4, 2019. The order denied the mother's motion pursuant to Family Court Act § 1061 to modify an order of fact-finding and disposition of the same court dated April 10, 2019, so as to grant a suspended judgment and vacate the finding of neglect in that order of fact-finding and disposition, which was entered upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a).
ORDERED that the order is affirmed, without costs or disbursements.
In January 2019, the Administration for Children's Services (hereinafter ACS) filed a petition against the mother, alleging that the mother neglected the subject child by failing to provide proper supervision and guardianship based on her untreated mental illness. In an order dated January 25, 2019, the Family Court released the child to the mother under ACS supervision and directed the mother to comply with drug screening and preventive services pending resolution of the proceeding. The mother subsequently consented to the entry of a finding of neglect against her pursuant to Family Court Act § 1051(a) and, in an order of fact-finding and disposition dated April 10, 2019, the court entered a finding of neglect against the mother and, inter alia, directed the mother to complete a substance abuse program and comply with mental health services. In October 2019, the mother moved to modify the order of fact-finding and disposition so as to grant her a suspended judgment and to vacate the finding of neglect against her. In an order dated December 4, 2019, the court denied the motion, and the mother appeals.
"Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding '[f]or good cause shown'" (Matter of Shreesta R. [Biblop R.], 173 AD3d 1039, 1040). "'The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that [*2]the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Aaliyah B. [Althea R.], 170 AD3d 712, 712, quoting Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677). "'As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Jacob P.E. [Gustavo P.S.], 162 AD3d 1017, 1018, quoting Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850).
Here, the record demonstrates that the mother struggled with treatment for her mental illness prior to the filing of the neglect petition, and failed to consistently attend counseling sessions ordered as a result of the petition and the ensuing finding of neglect. The record thus supports the Family Court's determination that the mother failed to establish good cause to modify the order of disposition and to vacate the finding of neglect (see Matter of Alisah H. [Syed H.], 168 AD3d 842, 844; Matter of Matthew M. [Fatima M.], 109 AD3d 472, 473; Matter of Phillips N. [Joy N.], 104 AD3d 690, 691), and to demonstrate that modifying the order of disposition and vacating the finding of neglect would serve the best interests of the child (see Matter of Alisah H. [Syed H.], 168 AD3d at 844; Matter of Jacob P.E. [Gustavo P.S.], 162 AD3d at 1018]).
Accordingly, the Family Court providently exercised its discretion in denying the mother's motion to modify the order of fact-finding and disposition.
MASTRO, A.P.J., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court