Matter of Nila S. (Priscilla S.) (2022 NY Slip Op 00670)





Matter of Nila S. (Priscilla S.)


2022 NY Slip Op 00670


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2021-03224
 (Docket Nos. N-3044-19, N-3045-19, N-3046-19)

[*1]In the Matter of Nila S. (Anonymous). Administration for Children's Services, respondent;Priscilla S. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Zola S. (Anonymous). Administration for Children's Services, respondent; Priscilla S. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Abdul S. (Anonymous). Administration for Children's Services, respondent; Priscilla S. (Anonymous), appellant. (Proceeding No. 3)


Richard Cardinale, Brooklyn, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Scott Shorr and Deborah E. Wassel of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Polixene Petrakopolous of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated April 21, 2021. The order, in effect, denied the mother's motion pursuant to Family Court Act § 1061 to modify an order of disposition of the same court dated October 2, 2019, so as to grant a suspended judgment, and to vacate an order of fact-finding of the same court dated May 22, 2019, finding that she neglected the subject children.
ORDERED that the order dated April 21, 2021, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the mother's motion pursuant to Family Court Act § 1061 to modify an order of disposition dated October 2, 2019, so as to grant a suspended judgment, and to vacate an order of fact-finding dated May 22, 2019, finding that she neglected the subject children, is granted.
In February 2019, the Administration for Children's Services (hereinafter ACS) filed petitions alleging that the mother neglected her daughter Nila S. through inadequate guardianship and supervision, and derivatively neglected her daughter Zola S. and her son Abdul S. In an order [*2]of fact-finding, made after a hearing, the Family Court found that she neglected the subject children, as alleged in the petitions. After a dispositional hearing, in an order of disposition, the court released the children to the mother and the nonrespondent father under ACS supervision, upon certain conditions, including compliance with recommended services. By notice of motion dated January 27, 2021, the mother moved pursuant to Family Court Act § 1061 to modify the order of disposition so as to grant a suspended judgment, and to vacate the order of fact-finding, which found that she neglected the children. The court denied the motion, and the mother appeals.
"Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding for good cause shown" (Matter of Jveya J. [Ebony W.], 194 AD3d 937, 938 [alterations and internal quotation marks omitted]; see Family Ct Act § 1061; Matter of Princess A.E. [Shaleyah E.], 193 AD3d 855, 855; Matter of Arielle A.D. [Keith D.], 192 AD3d 1019, 1020). "The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Jveya J. [Ebony W.], 194 AD3d at 938 [internal quotation marks omitted]; see Matter of Princess A.E. [Shaleyah E.], 193 AD3d at 855; Matter of Arielle A.D. [Keith D.], 192 AD3d at 1020). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant [facts and] circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Aaliyah T. [Sheena A.D.], 177 AD3d 748, 750 [internal quotation marks omitted]; see Matter of Jveya J. [Ebony W.], 194 AD3d at 938; Matter of Princess A.E. [Shaleyah E.], 193 AD3d at 855-856; Matter of Arielle A.D. [Keith D.], 192 AD3d at 1020-1021).
Here, the mother demonstrated good cause to modify the order of disposition and to vacate the order of fact-finding, which found that she neglected the children. The mother demonstrated her lack of a prior child protective history, her remorse and insight into how her actions affected the children, and her commitment to ameliorating the issues that led to the finding of neglect, including her compliance with court-ordered services and treatment (see Matter of Emma R. [Evelyn R.], 173 AD3d 1037, 1038-1039; Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677; Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 12-13). In addition, she demonstrated that the requested relief was in the best interests of the children (see Matter of Emma R. [Evelyn R.], 173 AD3d at 1039; Matter of Leenasia C. [Lamarriea C.], 154 AD3d at 13).
Accordingly, under the circumstances of this case, the mother's motion pursuant to Family Court Act § 1061 to modify the order of disposition so as to grant a suspended judgment, and to vacate the order of fact-finding, which found that she neglected the children, should have been granted.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court