Matter of Sebastian P. (Lovette H.) (2022 NY Slip Op 02415)

Matter of Sebastian P. (Lovette H.)

2022 NY Slip Op 02415

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-07013
 (Docket Nos. N-23648-19, N-23649-19, N-12023-20)

[*1]In the Matter of Sebastian P. (Anonymous). Administration for Children's Services, petitioner-respondent; Lovette H. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Paige P. (Anonymous). Administration for Children's Services, petitioner-respondent; Lovette H. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Sage H. (Anonymous). Administration for Children's Services, petitioner-respondent; Lovette H. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3.)

Austin I. Idehen, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Elina Druker and Claibourne Henry of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel) attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated September 7, 2021. The order, without a hearing, denied the mother's motion, inter alia, pursuant to Family Court Act § 1061 to modify (1) an order of fact-finding and disposition of the same court dated April 26, 2021, among other things, placing the child Sage H. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directing the mother to undergo a mental health evaluation and to complete domestic abuse counseling, and (2) an order of disposition of the same court dated April 27, 2021, inter alia, placing the children Sebastian P. and Paige P. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directing the mother to undergo a mental health evaluation and to complete domestic abuse counseling.
ORDERED that the order dated September 7, 2021, is affirmed, without costs or disbursements.
Some underlying facts for this appeal can be found in our decision and order on the related appeals decided herewith (Matter of H. [Anonymous], ___ AD3d ___ [Appellate Division Docket No. 2021-03375; decided herewith]).
In July 2021, the mother moved, inter alia, pursuant to Family Court Act § 1061 to modify an order of fact-finding and disposition of the Family Court dated April 26, 2021, and an order of disposition of the same court dated April 27, 2021, which, among other things, placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directed the mother to undergo a mental health evaluation and to complete domestic abuse counseling. In an order dated September 7, 2021, the Family Court, without a hearing, denied the mother's motion. The mother appeals.
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of an article 10 proceeding for "good cause shown." "This statute 'expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Princess A.E. [Shaleyah E.], 193 AD3d 855, 855, quoting Matter of Yosepha K. [Chana D.], 165 AD3d 932, 933 [internal quotation marks omitted]). "[T]he conducting of a hearing under section 1061 is not mandated, but is left entirely to the Family Court's discretion" (Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850 [internal quotation marks omitted]). "Where the court possesses information sufficient to afford a comprehensive, independent review, a hearing is not required" (Matter of Sutton S. [Abigail E.S.], 152 AD3d 608, 609).
Here, contrary to the mother's contention, the Family Court was not required to conduct a hearing before determining the mother's motion pursuant to Family Court Act § 1061, since "the material facts underlying the motion were not in dispute" (Matter of Jaheim G. [Lisa G.], 187 AD3d 1015, 1016). Further, the record supports the court's determination that the mother failed to establish good cause to modify the orders at issue, since the mother did not indicate that she complied with the directives in those orders (see Matter of Jveya J. [Ebony W.], 194 AD3d 937, 938; cf. Matter of Aaliyah T. [Sheena A.D.], 177 AD3d 748).
The mother's remaining contentions are either not properly before this Court or without merit.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court