Matter of Yarelis E. (Franly E.) (2022 NY Slip Op 03385)





Matter of Yarelis E. (Franly E.)


2022 NY Slip Op 03385


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2021-09479
 (Docket No. N-14079-17)

[*1]In the Matter of Yarelis E. (Anonymous). Administration for Children's Services, respondent;
and
Franly E. (Anonymous), appellant.


David Laniado, Cedarhurst, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jessica Miller of counsel), for respondent (no brief filed).
Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Riti Singh of counsel), attorney for the child (no brief filed).



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated December 21, 2021. The order denied the father's motion pursuant to Family Court Act §§ 1051(c) and 1061 to vacate an order of fact-finding of the same court dated March 13, 2020, made after a fact-finding hearing, finding that the father neglected the subject child, and to dismiss the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The father allegedly committed acts of domestic violence against the mother in the presence of the subject child, who was 21 months old at the time. A neglect petition was filed and, after a fact-finding hearing, a finding of neglect was entered against the father. After an order of disposition was issued, the father moved pursuant to Family Court Act §§ 1051(c) and 1061 to vacate the finding of neglect and to dismiss the petition. In an order dated December 21, 2021, the Family Court denied the father's motion.
The Family Court did not improvidently exercise its discretion in denying the father's motion to vacate the finding of neglect and to dismiss the petition under Family Court Act § 1051(c), as the motion was made after the disposition and was, therefore, untimely (see Matter of Zyirr J. [Michael A.], 191 AD3d 784; Matter of Hannah T.R. [Soya R.], 179 AD3d 700). In any event, the father failed to demonstrate that the aid of the court was not required (see Family Ct Act § 1051[c]; Matter of Anoushka G. [Cyntra M.], 132 AD3d 867; Matter of Kayden H. [Kareena H.], 104 AD3d 764).
Nor was the father entitled to vacatur pursuant to Family Court Act § 1061. Pursuant to that statute, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding for good cause shown. The modified order must reflect a resolution consistent with the best interests of the child after consideration of all relevant facts and [*2]circumstances, and must be supported by a sound and substantial basis in the record (see Matter of Aaliyah T.[Sheena A.D.], 177 AD3d 748; Matter of Sophia W. [Tiffany P.], 176 AD3d 723; Matter of Alexa S. [Rachel J.S.], 98 AD3d 972). Here, the father failed to demonstrate that the relief sought promoted the best interests of the child (see Matter of Zyirr J. [Michael A.], 191 AD3d 784; Matter of Frankie S. [Katina Y.], 155 AD3d 559). The father did not accept responsibility for the conduct that formed the basis of the neglect finding (see Matter of Tito T. [Carlos T.], 144 AD3d 813). The court's determination that vacating the finding of neglect against the father would not be in the child's best interest was supported by a sound and substantial basis in the record.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court