Matter of Jessiah K. (Shakenya P.) (2022 NY Slip Op 04726)

Matter of Jessiah K. (Shakenya P.)

2022 NY Slip Op 04726

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-08666
 (Docket No. N-25540-19)

[*1]In the Matter of Jessiah K. (Anonymous). Administration for Children's Services, respondent; Shakenya P. (Anonymous), appellant.

Lauri Gennusa, Laurelton, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Philip W. Young of counsel; Brian Massey on the brief), for respondent.
Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated October 26, 2021. The order, after a hearing, denied the mother's motion pursuant to Family Court Act § 1061 to modify an order of fact-finding and disposition of the same court dated March 3, 2021, so as to grant a suspended judgment and vacate the finding of neglect, which was entered upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a).
ORDERED that the order is affirmed, without costs or disbursements.
In December 2019, the petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the mother neglected the subject child by the use of excessive corporal punishment. The mother subsequently consented to the entry of a finding of neglect without admission against her pursuant to Family Court Act § 1051(a) and, in an order of fact-finding and disposition dated March 3, 2021, the Family Court entered a finding of neglect against the mother and, inter alia, directed her to refrain from using corporal punishment and to complete certain services, including parenting-skills and anger-management classes and family therapy. In June 2021, the mother moved pursuant to Family Court Act § 1061 to modify the order of fact-finding and disposition so as to grant her a suspended judgement and vacate the finding of neglect against her. In an order dated October 26, 2021, the court denied the motion. The mother appeals.
Family Court Act § 1061 provides that, for good cause shown, a court may set aside, modify, or vacate any order issued in the course of a child protective proceeding. "The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Jveya J. [Ebony W.], 194 AD3d 937, 938 [internal quotation marks omitted]; see Matter of Princess A.E. [Shaleyah E.], 193 AD3d 855, 855; Matter of Arielle A.D. [Keith D.], 192 AD3d [*2]1019, 1020). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant [facts and] circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Aaliyah T. [Sheena A.D.], 177 AD3d 748, 750 [internal quotation marks omitted]; see Matter of Jveya J. [Ebony W.], 194 AD3d at 938).
Here, the Family Court providently exercised its discretion in denying the mother's motion to vacate the finding of neglect given, inter alia, the serious nature of the mother's conduct and the evidence showing the mother's lack of remorse for her actions (see Matter of Alisah H. [Syed H.], 168 AD3d 842, 844; Matter of Azimjon A. [Adolat K.], 161 AD3d 849, 849-850).
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court