Matter of Elizabeth C. (Karen T.) (2022 NY Slip Op 06480)

Matter of Elizabeth C. (Karen T.)

2022 NY Slip Op 06480

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-05298
 (Docket Nos. N-22473-19, N-22474-19)

[*1]In the Matter of Elizabeth C. (Anonymous). Administration for Children's Services, petitioner-respondent; 
and
Karen T. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Melanie T. (Anonymous). Administration for Children's Services, petitioner-respondent; Karen T. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Elliot Green, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Kevin Osowski of counsel; Teodora Cupac on the brief), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the child Elizabeth C.
Lewis S. Calderon, Jamaica, NY, attorney for the child Melanie T.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Margaret Morgan, J.), dated June 30, 2021. The order denied the mother's motion pursuant to Family Court Act § 1061 to modify an order of fact-finding and disposition of the same court dated August 28, 2020, so as to grant a suspended judgment, vacate the finding of neglect, which was entered upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), and dismiss the petitions insofar as asserted against her.
ORDERED that the order is affirmed, without costs or disbursements.
In December 2019, the petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother abused and neglected the subject children. The mother subsequently consented to the entry of a finding of neglect without admission against her pursuant to Family Court Act § 1051(a). In an order of fact-finding and disposition dated August 28, 2020, the Family Court entered a finding of neglect against the mother and, inter alia, directed her to complete certain services. In June 2021, the mother moved pursuant to Family Court Act § 1061 to modify the order of fact-finding and disposition so as to grant her a suspended [*2]judgment, vacate the finding of neglect against her, and dismiss the petitions insofar as asserted against her. In an order dated June 30, 2021, the court denied the motion. The mother appeals.
Family Court Act § 1061 provides that, for good cause shown, a court may set aside, modify, or vacate any order issued in the course of a child protective proceeding (see Matter of Jessiah K. [Shakenya P.], 207 AD3d 724; Matter of Jveya J. [Ebony W.], 194 AD3d 937, 938). "The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Jveya J. [Ebony W.], 194 AD3d at 938 [internal quotation marks omitted]; see Matter of Princess A.E. [Shaleyah E.], 193 AD3d 855; Matter of Arielle A.D. [Keith D.], 192 AD3d 1019, 1020). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Alisah H. [Syed H.], 168 AD3d 842, 844 [internal quotation marks omitted]; see Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677).
Here, the Family Court providently exercised its discretion in denying the mother's motion to modify the order of fact-finding and disposition so as to, inter alia, vacate the finding of neglect given, among other things, the serious and prolonged nature of the mother's conduct (see Matter of Jessiah K. [Shakenya P.], 207 AD3d at 725; Matter of Alisah H. [Syed H.], 168 AD3d at 844; Matter of Azimjon A. [Adolat K.], 161 AD3d 849, 850). Moreover, the mother failed to demonstrate that modifying the order of fact-finding and disposition and vacating the finding of neglect served the best interests of the children (see Matter of Alisah H. [Syed H.], 168 AD3d at 844).
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court