Matter of Cassidy B. (Cyntora B.) (2024 NY Slip Op 02319)

Matter of Cassidy B. (Cyntora B.)

2024 NY Slip Op 02319

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-08352
 (Docket No. N-7146-20)

[*1]In the Matter of Cassidy B. (Anonymous). Administration for Children's Services, respondent; Cyntora B. (Anonymous), appellant. 

Joan N.G. James, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Amanda Abata of counsel), for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Elenor Reid Cherry, J.), dated September 28, 2022. The order denied, without a hearing, those branches of the mother's motion which were pursuant to Family Court Act § 1061 to modify an order of fact-finding and disposition of the same court (Connie Gonzalez, J.) dated March 15, 2022, so as to grant a suspended judgment and vacate the finding of neglect, which was entered upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a).
ORDERED that the order is affirmed, without costs or disbursements.
In September 2020, the petitioner, Administration for Children's Services, commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother abused the subject child. The mother subsequently consented to the entry of a finding of neglect without admission pursuant to Family Court Act § 1051(a) and waived her right to a fact-finding or a dispositional hearing. In an order of fact-finding and disposition dated March 15, 2022, the Family Court entered a finding of neglect against the mother and, inter alia, directed the immediate temporary discharge of the child to the mother under certain conditions.
In or around August 2022, the mother moved pursuant to Family Court Act § 1061 to modify the order of fact-finding and disposition so as to grant a suspended judgment, vacate the finding of neglect, and for a final discharge of the child to the mother. In an order dated September 7, 2022, the Family Court, upon the parties' consent, directed the final discharge of the child to the mother. Subsequently, in an order dated September 28, 2022, the court, without a hearing, denied those branches of the mother's motion which were to modify the order of fact-finding and disposition so as to grant a suspended judgment and vacate the finding of neglect. The mother appeals.
The Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown" (id.; see Matter of Arielle A.D. [Keith D.], [*2]192 AD3d 1019, 1021). There is a "'strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in furtherance of the child's welfare'" (Matter of Jveya J. [Ebony W.], 194 AD3d 937, 938, quoting Matter of Aaliyah B. [Althea R.], 170 AD3d 712, 712 [internal quotation marks omitted]). "'As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Nila S. [Priscilla S.], 202 AD3d 695, 696, quoting Matter of Jveya J. [Ebony W.], 194 AD3d at 938 [alterations omitted]).
Courts have identified four factors to consider when determining whether to vacate a finding of neglect: "(1) respondent's prior child protective history; (2) the seriousness of the offense; (3) respondent's remorse and acknowledgment of the abusive/neglectful nature of his or her act; and (4) respondent's amenability to correction, including compliance with court-ordered services and treatment" (Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 12 [footnote and internal quotation marks omitted]; see Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677).
Here, the record demonstrates that the offense was serious and that the mother failed to show remorse or acknowledge the abusive nature of the child's injuries. As such, the mother failed to establish good cause to modify the order of fact-finding and disposition and vacate the finding of neglect (see Matter of Jessiah K. [Shakenya P.], 207 AD3d 724, 725; Matter of Sophia W. [Tiffany P.], 176 AD3d 723, 725; Matter of Alisah H. [Syed H.], 168 AD3d 842, 844). Moreover, the mother failed to demonstrate that modifying the order of fact-finding and disposition and vacating the finding of neglect served the best interests of the child (see Matter of Sophia W. [Tiffany P.], 176 AD3d at 724-725; Matter of Aaliyah B. [Althea R.], 170 AD3d at 713; Matter of Alisah H. [Syed H.], 168 AD3d at 844).
The mother's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court