Matter of Sanai T. (Michael A.) (2024 NY Slip Op 05450)

Matter of Sanai T. (Michael A.)

2024 NY Slip Op 05450

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2021-07177
 (Docket No. N-14180-14)

[*1]In the Matter of Sanai T., (Anonymous), etc. Administration for Children's Services, petitioner-respondent; Michael A. (Anonymous), appellant, et al., respondent.

Helene Bernstein, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Susan Paulson and Tahirih M. Sadrieh of counsel), for petitioner-respondent.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Michael A. appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated September 16, 2021. The order denied the motion of Michael A., inter alia, to vacate so much of an order of fact-finding of the same court (Ilana Gruebel, J.) dated February 14, 2017, as found that he neglected the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
In May 2014, the subject child was removed from the home of Michael A. (hereinafter the appellant). In an amended petition, the Administration for Children's Services alleged, inter alia, that the appellant, the romantic partner of the mother of the child, neglected the child. In an order of fact-finding dated February 14, 2017, the Family Court found, among other things, that the appellant neglected the child (hereinafter the February 2017 order).
In September 2020, the appellant moved, inter alia, to vacate so much of the February 2017 order as found that he neglected the child. In an order dated September 16, 2021, the Family Court denied the appellant's motion. This appeal ensued.
"'Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding for good cause shown'" (Matter of Jveya J. [Ebony W.], 194 AD3d 937, 938, quoting Matter of Shreesta R. [Biblop R.], 173 AD3d 1039, 1040 [alterations and internal quotation marks omitted]; see Matter of Arielle A.D. [Keith D.], 192 AD3d 1019, 1020). "'The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Alisah H. [Syed H.], 168 AD3d 842, 844, quoting Matter of Jacob P.E. [Gustavo P.S.], 162 AD3d 1017, 1018 [internal quotation marks omitted]; see Matter of Nila S. [Priscilla S.], 202 AD3d 695, 696). "'As with an initial order, the [*2]modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Sophia W. [Tiffany P.], 176 AD3d 723, 724, quoting Matter of Jacob P.E. [Gustavo P.S.], 162 AD3d at 1018 [internal quotation marks omitted]; see Matter of Jveya J. [Ebony W.], 194 AD3d at 938). A hearing pursuant to Family Court Act § 1061 is not required where "'the material facts underlying the motion were not in dispute'" (Matter of Sebastian P. [Lovette H.], 204 AD3d 803, 804, quoting Matter of Jaheim G. [Lisa G.], 187 AD3d 1015, 1016). "Where the court possesses information sufficient to afford a comprehensive, independent review, a hearing is not required" (Matter of Sutton S. [Abigail E.S.], 152 AD3d 608, 609; see Matter of Jamel V.D.C. [Charlene M.], 227 AD3d 713, 715).
Here, the record demonstrates that the appellant failed to establish good cause to vacate the finding of neglect against him (see Matter of Alisah H. [Syed H.], 168 AD3d at 844; cf. Matter of Nila S. [Priscilla S.], 202 AD3d at 697). Moreover, the appellant failed to demonstrate that vacating the finding of neglect would be in the best interests of the child (see Matter of Zyirr J. [Michael A.], 191 AD3d 784, 784-785; Matter of Shreesta R. [Biblop R.], 173 AD3d at 1040; Matter of Aaliyah B. [Althea R.], 170 AD3d 712, 713).
The appellant's remaining contention need not be reached in light of our determination.
Accordingly, the Family Court properly denied the appellant's motion, among other things, to vacate so much of the February 2017 order as found that he neglected the child.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court