Matter of Wynter S.A. (Skylien A.) (2025 NY Slip Op 03188)

Matter of Wynter S.A. (Skylien A.)

2025 NY Slip Op 03188

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-06053
 (Docket Nos. N-15979-22, N-15980-22, N-15981-22)

[*1]In the Matter of Wynter S. A. (Anonymous). Administration for Children's Services, respondent; Skylien A. (Anonymous), et al., appellants. (Proceeding No. 1)
In the Matter of Summer R. A. (Anonymous). Administration for Children's Services, respondent; Skylien A. (Anonymous), et al., appellants. (Proceeding No. 2)
In the Matter of Bernard B. (Anonymous). Administration for Children's Services, respondent; Skylien A. (Anonymous), et al., appellants. (Proceeding No. 3)

Lewis S. Calderon, Jamaica, NY, for appellant Skylien A.
Christian P. Myrill, Jamaica, NY, for appellant Bernard B.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Amy McCamphill of counsel), for respondent.
Todd D. Kadish, Great Neck, NY, attorney for the children Wynter S. A. and Bernard B.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child Summer R. A.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother and the father separately appeal from an order of disposition of the Family Court, Queens County (Margaret Morgan, J.), dated June 24, 2024. The order of disposition, upon an amended order of fact-finding of the same court dated January 12, 2024, made upon the consent of the mother and the father to a finding of neglect without admission pursuant to Family Court Act § 1051(a), finding that the mother and the father neglected the child Summer R. A. and derivatively neglected the children Wynter S. A. and Bernard B., and after a dispositional hearing, denied the applications of the mother and the father for a suspended judgment and, in effect, to vacate the findings of neglect and derivative neglect, released the subject children to the custody of the mother and the father with supervision by the petitioner for a period of six months, and directed the mother and the father to comply with certain conditions.
ORDERED that the appeals from so much of the order of disposition as released the subject children to the custody of the mother and the father with supervision by the petitioner for a period of six months are dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,
ORDERED that the order of disposition is reversed insofar as reviewed, on the facts and in the exercise of discretion, without costs or disbursements, and the applications of the mother and the father for a suspended judgment and, in effect, to vacate the findings of neglect and derivative neglect are granted.
In October 2022, the petitioner filed petitions alleging that the mother and the father neglected the child Summer R. A. and derivatively neglected the children Wynter S. A. and Bernard B. In an amended order of fact-finding dated January 12, 2024, made upon the consent of the mother and the father to a finding of neglect without admission pursuant to Family Court Act § 1051(a), the Family Court found that the mother and the father neglected Summer R. A. and derivatively neglected Wynter S. A. and Bernard B. At the conclusion of a dispositional hearing, the mother and the father made applications for a suspended judgment and, in effect, to vacate the findings of neglect and derivative neglect. In an order of disposition dated June 24, 2024, the court denied the applications, released the children to the custody of the mother and the father with supervision by the petitioner for a period of six months, and directed the mother and the father to comply with certain conditions. The mother and the father (hereinafter together the appellants) separately appeal.
The appeals from so much of the order of disposition as released the children to the custody of the mother and the father with supervision by the petitioner for a period of six months have been rendered academic, since the period of supervision has expired by its own terms (see Matter of Cherli Q. [Mauricio C.], 231 AD3d 833, 834; Matter of Serenity R. [Truman C.], 215 AD3d 854, 856). However, since the adjudications of neglect and derivative neglect constitute a permanent and significant stigma that might indirectly affect the appellants' status in future proceedings, the appeals from so much of the order of disposition as bring up for review the findings of neglect and derivative neglect are not academic (see Matter of Cherli Q. [Mauricio C.], 231 AD3d at 834; Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 723).
"Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding for good cause shown" (Matter of Nila S. [Priscilla S.], 202 AD3d 695, 696 [internal quotation marks omitted]; see Matter of Sophia W. [Tiffany P.], 176 AD3d 723, 724). "The statute expresses the strong [l]egislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Nila S. [Priscilla S.], 202 AD3d at 696 [internal quotation marks omitted]; see Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant [facts and] circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Nila S. [Priscilla S.], 202 AD3d at 696 [internal quotation marks omitted]).
Here, the appellants demonstrated good cause to vacate the findings of neglect and derivative neglect. The appellants demonstrated their insight into how their actions affected the children, their commitment to ameliorating the issues that led to the findings of neglect and derivative neglect, including their compliance with undergoing parenting and anger management programs, and their lack of a prior child protective history (see id.; Matter of Boston G. [Jennifer G.], 157 AD3d at 677; Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 12-13).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, under the circumstances of this case, the Family Court should have granted the appellants' applications for a suspended judgment and, in effect, to vacate the findings of neglect and derivative neglect (see Matter of Nila S. [Priscilla S.], 202 AD3d at 697).
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court