Matter of Ilan Z. (Milana P.) (2025 NY Slip Op 03199)

Matter of Ilan Z. (Milana P.)

2025 NY Slip Op 03199

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-10335
 (Docket Nos. N-20193-17, N-20194-17)

[*1]In the Matter of Ilan Z. (Anonymous). Administration for Children's Services, petitioner-respondent; Milana P. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Eliana Z. (Anonymous). Administration for Children's Services, petitioner-respondent; Milana P. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Carol Lipton, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Shane Magnetti of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Margaret Morgan, J.), dated October 30, 2023. The order, after a hearing, denied the mother's motion pursuant to Family Court Act § 1061 to modify an order of fact-finding and disposition of the same court dated September 18, 2019, so as to grant the mother a suspended judgment and vacate the finding of neglect against her, which was entered upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a).
ORDERED that the order dated October 30, 2023, is affirmed, without costs or disbursements.
In October 2017, the Administration for Children's Services filed petitions alleging, inter alia, that the mother abused the subject child Ilan Z. and derivatively abused the subject child Eliana Z. The petitions were based on an incident in which Ilan Z., then age six months, was treated at a hospital for a traumatic head injury. The mother subsequently consented to the entry of a finding of neglect without admission pursuant to Family Court Act § 1051(a) and waived her right to a fact-finding or a dispositional hearing. In an order of fact-finding and disposition dated September 18, 2019, the Family Court, among other things, entered a finding of neglect against the mother. The children were subsequently released to the mother.
In July 2022, the mother moved pursuant to Family Court Act § 1061 to modify the order of fact-finding and disposition so as to grant her a suspended judgment and vacate the finding of neglect against her. Following a hearing, in an order dated October 30, 2023, the Family Court denied the mother's motion. The mother appeals.
"Family Court Act § 1061 provides that, for good cause shown, a court may set aside, modify, or vacate any order issued in the course of a child protective proceeding" (Matter of Jessiah K. [Shakenya P.], 207 AD3d 724, 724; see Matter of Sophia W. [Tiffany P.], 176 AD3d 723, 724). "'As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ren] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Cassidy B. [Cyntora B.], 227 AD3d 711, 713 [internal quotation marks omitted], quoting Matter of Nila S. [Priscilla S.], 202 AD3d 695, 696). "Courts have identified four factors to consider when determining whether to vacate a finding of neglect: '(1) [the] respondent's prior child protective history; (2) the seriousness of the offense; (3) [the] respondent's remorse and acknowledgment of the abusive/neglectful nature of [their] act; and (4) [the] respondent's amenability to correction, including compliance with court-ordered services and treatment'" (id., quoting Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 12).
Here, the Family Court providently exercised its discretion in denying the mother's motion. Although the mother has complied with services, including parenting skills courses and therapy, and she contends that vacatur of the neglect finding is warranted so that she may seek employment as a pediatric nurse, the record demonstrates that she continues to lack insight into the seriousness of Ilan Z.'s injury. Under these circumstances, the mother failed to demonstrate good cause to modify the order of fact-finding and disposition so as to grant her a suspended judgment and vacate the finding of neglect against her (see id.; Matter of Sophia W. [Tiffany P.], 176 AD3d at 725; Matter of Alisah H. [Syed H.], 168 AD3d 842, 844) and that the requested relief was in the best interests of the children (see Matter of Sophia W. [Tiffany P.], 176 AD3d at 725).
The remaining contentions of the mother and the attorney for the children are not properly before this Court.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court